Approved: _____
KEVIN T. SULLIVAN
Assistant United States Attorney

Before:  THE HONORABLE ANDREW E. KRAUSE
         United States Magistrate Judge
         Southern District of New York

**20 MJ 12755**

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - v. -

TYISHAWN JONES,
    a/k/a "Little Trigga,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violation of 18 U.S.C. § 922(g) and 2

COUNTY OF OFFENSE:
Westchester

SOUTHERN DISTRICT OF NEW YORK, ss.:

RONNIE WILLIAMS, being duly sworn, deposes and says that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and charges as follows:

**COUNT ONE**
**(Felon in Possession)**

1. On or about October 7, 2020, in the Southern District of New York and elsewhere, TYISHAWN JONES, a/k/a "Little Trigga," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm and ammunition, to wit, a .25 caliber Colt semi-automatic pistol and a .25 caliber Remington bullet, and the firearm and ammunition were in and affecting commerce

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the

investigation of this matter, my conversations with law enforcement agents and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

        3. Based on my review of reports and records from the City of Mount Vernon Police Department ("MVPD") and my own participation in this investigation, I have learned, among other things, the following:

        a. On or about October 7, 2020, at approximately 11:07 a.m., MVPD officers received and responded to reports of gunshots fired in the vicinity of 10 North Fulton Avenue in Mount Vernon. Upon arrival at the location, responding MVPD officers encountered a gunshot victim, later identified as TYISHAWN JONES, a/k/a "Little Trigga," the defendant, bleeding from his left leg.

        b. JONES told responding MVPD officers at the scene and in an ambulance while he was being transported to a hospital, in sum and substance, that while walking to a parking lot (the "Parking Lot") at the rear of the apartment building at 10 North Fulton Avenue ("10 North Fulton"), where his friend's vehicle was parked, a black male individual (the "Individual") wearing a blue surgical mask, gray hooded sweatshirt, and shorts approached him, brandished a firearm, and then shot at him multiple times as JONES got into the vehicle. After the shooting stopped, JONES saw the Individual run away from him and down the driveway (the "Driveway") that leads from the Parking Lot out to North Fulton Avenue.

        c. MVPD officers canvassed the Parking Lot behind 10 North Fulton and found six spent 9 mm shell casings on the ground in the vicinity of a white Honda HR-V ("White Honda") with seven bullet holes in it. The White Honda was parked on the south side of the Parking Lot and Driveway, facing east and parallel to a wooded area situated between the Parking Lot and Driveway and a nearby commuter train platform.

        d. MVPD officers observed blood stains inside of the White Honda and also recovered inside of the vehicle a seventh spent shell casing, specifically, a Remington-Peters-brand .25 caliber shell casing (the "Ammunition") -- i.e., a

2

different caliber than that of the six 9 mm shell casings recovered from outside of the White Honda.

    e. MVPD officers then conducted an article search in the vicinity of the White Honda with a law enforcement canine.[1] The canine alerted to a scent in the wooded area adjacent to the Parking Lot in close proximity to where the shooting had occurred. MVPD officers searched the wooded area and recovered in the underbrush a .25 caliber Colt semi-automatic pistol (the "Firearm") with blood on it located approximately 50 feet south of the Parking Lot in the proximity of where the shooting occurred. The serial number on the Firearm was obliterated.

    4. Based on my review of MVPD reports and records, my conversations with other MVPD officers, and my own participation in this investigation, I know, among other things, the following:

    a. On or about October 7, 2020, at approximately 4:00 p.m., TYISHAWN JONES, a/k/a "Little Trigga," the defendant, upon being discharged from the hospital, was driven from the hospital to MVPD Headquarters by a MVPD officer and a detective ("Detective-1") to provide a witness statement as to what happened in connection with the shooting.

    b. Once at MVPD Headquarters, JONES sat down with Detective-1 and provided a statement (the "Statement") to Detective-1 about the shooting, which Detective-1 typed and provided to JONES to review for its truth and accuracy and then to sign, which JONES did.

    c. JONES's statement provided, in sum and substance, that JONES was going to get "weed" out of an acquaintance's car in the vicinity of the Driveway at 10 North Fulton, and when he opened a passenger-side door of the car, he saw the Individual with the gray hooded sweatshirt start shooting at him, at which point, JONES took cover in the front passenger seat of the car until the shooting stopped. JONES's

---

[1] Based on my training and experience, I know that canines used in law enforcement are trained to track various scents, including those of objects and humans. They are trained to determine the directionality of a trail and track along it based on the strength of the overall scent from, typically, the most recent human activity in a specific area. Based on my conversations with a MVPD officer, I know that the canine used here received such training.

3

statement further provided, in sum and substance, that JONES saw the Individual then run up the Driveway away from him, and that JONES then screamed for help.

        d.    JONES signed a form (the "Form") giving consent for Detective-1 to take a buccal swab from JONES to obtain a DNA sample, which Detective-1 did. The Form advised JONES that the DNA sample may be used against him in a court of law, that he has a constitutional right to refuse to provide the DNA sample, and that by signing the Form, he is waiving that right freely and voluntarily.

        e.    JONES was then asked if he would give consent to have his hands tested for gunshot residue ("GSR"). He refused to give such consent.

        f.    JONES was then asked to wait at MVPD Headquarters because additional law enforcement officers still investigating the shooting at the scene and elsewhere wished to speak with him.

        5.    On or about October 7, 2020, at approximately 8:00 p.m., I and an ATF special agent ("Agent-1") interviewed TYISHAWN JONES, a/k/a "Little Trigga," the defendant, at MVPD Headquarters. Based on my participation in the interview, I know that the following regarding that interview of JONES:

        a.    JONES stated, in sum and substance, that just prior to the shooting, he was sitting in the front passenger seat of an acquaintance's car, which was parked behind 10 North Fulton in the Parking Lot, facing east along the south side of the Driveway that leads from the Parking Lot out to North Fulton Avenue.

        b.    JONES further stated, in sum and substance, that he was the sole individual inside of the car at the time and was going to smoke a marijuana cigarette when he observed the Individual wearing the gray hooded sweatshirt walk towards him, pull out a firearm, and start shooting at him multiple times.

        c.    JONES further stated, in sum and substance, that he then took cover inside of the car until the shooting stopped, at which point he got out of the car, saw that he had been shot in the leg, and screamed for help.

        d.    I then read JONES his <u>Miranda</u> rights. JONES acknowledged understanding his <u>Miranda</u> rights, agreed to waive

4

them, and agreed to continue speaking with myself and Agent-1. Agent-1 and I then inquired, in sum and substance, whether JONES used any kind of weapon during the shooting, including a firearm. JONES claimed, in sum and substance, that he did not use a gun, nor did he have one on him, and nor was there one in the car at the time of the shooting.

6. Based on my review of MVPD reports and records as well as a lab report from the Westchester County Department of Labs and Research, Division of Forensic Sciences ("Forensic Lab"), I know, among other things, that MVPD officers swabbed the Firearm in multiple places, including the slide, handle, and trigger guard, among other places, and submitted the swabs to the Forensic Lab for DNA and GSR analysis. I also know that MVPD officers submitted the buccal swab taken from TYISHAWN JONES, a/k/a "Little Trigga," the defendant, to the Forensic Lab for DNA analysis. I further know that the Forensic Lab determined that the DNA profile recovered from the Firearm slide, handle, and trigger guard matched the DNA profile of JONES from his buccal swab.

7. As part of this investigation, I have reviewed reports prepared by an ATF agent ("Agent-2") who has expertise concerning the manufacturing of firearms and ammunition. Based on my review of the those reports, I know that Agent-2 examined photographs of the Firearm and Ammunition and determined that (a) the Firearm is a Colt Automatic Calibre .25 model pistol manufactured by Colt in the State of Connecticut and (b) the Ammunition was manufactured by Remington, a/k/a "Remington-Peters" in either the State of Arkansas or the State of Connecticut.

8. I have reviewed criminal history records pertaining to TYISHAWN JONES, a/k/a "Little Trigga," the defendant, which show that JONES was convicted on or about November 17, 2017, in Westchester County Court, of Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law § 265.03(3). Based on my training and experience, I am aware that this crime is a felony in the State of New York and is punishable by a term of imprisonment exceeding one year. Based on my review of JONES's criminal history records, I know that JONES was sentenced on this conviction on or about November 17, 2017 to 42 months' imprisonment and five years' post-release supervision.

WHEREFORE, the deponent requests that a warrant be issued for the arrest of TYISHAWN JONES, a/k/a "Little Trigga," the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

/s/ Ronnie Williams (by AEK) (credentials inspected -- ATF Task Force credential # 7193)

RONNIE WILLIAMS
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to me through the transmission
of this Complaint by reliable
electronic means, pursuant to
Federal Rules of Criminal Procedure
41(d)(3) and 4.1, this

30th day of November, 2020

_Andrew Krause_                Via FaceTime

HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK